Good morning. Welcome to day three of our oral argument session here in Jacksonville. We are pleased to be back. I have a couple of announcements. Number one, most importantly, please know that we have read your briefs, the underlying cases, the statutes, the record materials. You have a limited time before us, and so please don't waste your own time with a bunch of factual and procedural ramp up. We don't need it. Just tell us how the case, you know, sort of why you think the case ought to come out your way. Get right to it. Two, traffic light system, you'll understand. Green is go, yellow is slow, red, please stop. I'll try not to interrupt you in the middle of a sentence, but just recognize that we've got four cases to get through in the morning, so go ahead and wrap up. Third, nonstandard announcement. When you get to the podium, there is a microphone, obviously. There is a green light at the base of the microphone. Please make sure that it's on. Yesterday, I think it's my mistake. We had some lawyers who were wandering away from the microphone, and I think one accidentally cut the microphone off, which cuts the feed to everybody on the outside. I've also been told that certain judges among us, namely me, need to project when we ask our questions so that the outside audience can hear the question. So I'll do better, and please help me do better. All right. With that, let's call the first case, United States v. Hameen, 19-14279. We've got Ms. Farrow here for the appellant, Ms. Kapusta, here for the government. Ms. Farrow, whenever you're ready. Good morning, and may it please the Court. This Erlanger appeal is different because of the sparse and contested record on any facts underlying Mr. Hameen's past convictions. On this particular record, the government cannot meet its heavy burden to show harmless error. A fact-intensive inquiry into different occasions is impossible. So you agree, just to be clear, that we are on through to harmless error, that it's not structural. We conduct a harmless error analysis. Your Honor, Mr. Hameen does maintain that this should be a structural error given the rights at issue, but does acknowledge this Court's precedent and rivers on harmless error. Yes, and he can succeed under that harmless error analysis. It is the government's burden to prove that harmless error beyond a reasonable doubt. And here, on the record below, first, the trial record is insufficient to establish that Mr. Hameen had three ACCA predicates, much less three on different occasions. Can I ask you a question about this? Are we really limited to the trial record? It seems like because if we, I understand why you might say that we are, but that's sort of a, it's kind of a trap, right? Because up until Erlanger, the government would have had no reason to think at a trial that it needed to put on evidence to prove the different occasions requirement. The harmless error review, Your Honor, is limited to the trial record. Mr. Hameen invoked and never rescinded his right under the due process to have a jury make that ACCA determination, and that determination has to be made with evidence that comports with his due process right. You're talking about evidence before the jury. Yes, Your Honor, evidence before the jury. The record is used. Right, the evidence before the jury, because that would be the evidence that comports with Mr. Hameen's due process right. You take my point, right? It's sort of tough because the government would be like, whoa, we didn't know we were supposed to put this stuff on, right? I do, Your Honor, but fairness to the government does not trump Mr. Hameen's constitutional rights. And in terms of the government putting on evidence here, when Mr. Hameen invoked his due process rights, and he never relinquished those rights, and he made the objection that he needed to have the jury determine his ACCA enhancement, that is what invokes that due process, and that is what puts the record to that trial record. Can I ask you one more question, and then I'll zip it and let you talk and let these guys ask questions? If you look at Rivers, it seems to me that Rivers was relying on PSI stuff, right? So isn't there some like some sort of implicit acknowledgement there that we're not bound to the trial record, and that in fact you can look at sentencing phase stuff? So Rivers doesn't control that question. Rivers did not address a contest between the parties on scope of the record. In fact, in Rivers, both parties used the facts underlying the convictions in order to argue the different occasions analysis. So that, you know, may have been something that worked in the court's decision, but that wasn't something that the parties were contesting and that the court squarely addressed. So that's why if you limit in Mr. Hameen's case the evidence to the trial record, that alone would be dispositive here. The proper scope of the record on Harmless Error Review is limited to the trial, and at Mr. Hameen's trial, there was only testimony on two of the ACCA, and that was on his ACCA predicates that the government leader said were ACCA predicates, and of that testimony, it was very basic, and again, there was only two. So that fails to establish that Mr. Hameen even had the three ACCA predicates, much less the three on different occasions. Second, even if the court were to consider the sentencing record, it's insufficient for two reasons. One, the court cannot rely on the contested state judgments in conducting Harmless Error Review after Erlinger. Two, these state judgments are the only evidence the government has on Mr. Hameen's past convictions, and they contain insufficient information. There's insufficient information there on the time, the locations, the character, and the purpose of Mr. Hameen's past offenses. There's no information on the motivations or the relationship between any of his offenses. But in this case, there is sort of a come-on factor, right? I mean, these are separated by, what, by 18 years and then another nine, the convictions? Those are the conviction dates, Your Honor. And so for the state, even if the court does consider those conviction dates, first, of course, it's the government's burden to show harmless error beyond a reasonable doubt. And even if you're looking at those state court judgments, which we would say, don't do that because they were contested and Erlinger has said how unreliable those documents are, and Mr. Hameen contested their reliability. But even looking at them, the conviction dates do not inherently tell us when the offense dates occurred. And that's so even with charging numbers or anything like that. And so here, there are, okay, there are offenses that span years, and we have, we have no, um. Is there any reason to think that these are those offenses, I guess? That's the thing. I mean, if it's, I mean, why would we think that? Well, Your Honor, I think that your question points to the fact that the government can't meet its burden on harmless error review. We don't, they did not put in evidence below of charging documents, of plea colloquies, on other facts about- We know what he was convicted of, right? We do know what he was convicted of. And as Erlinger tells us, that actually, though, does not tell us what actually happened in terms of the facts underlying those convictions. And we know, in terms of the dates, um, we know that juries today in the Middle District, as they're making these ACCA determinations- I mean, I guess one of, one of his convictions, his 1990 conviction is for aggravated assault, right? That's correct, Your Honor. Why would we think that the conviction 10 years after that has any relation to aggravated, the aggravated assault? So, Your Honor, I- Here's the thing. I can understand your argument if there were like, if all of these were like conspiracy to commit credit card fraud or something, and there's some theoretical way in which they could be linked to a single event. It just, that doesn't seem like the convictions that we have here. So, first, Your Honor, Mr. Hameen only has the three ACCA predicates. So, even if the court found that his two later convictions that were closer in time, and both were, um, for stellar delivery of controlled substances, which Rivers talks about being of similar occasion, um, or, I'm sorry, of similar purpose and character, um, that would be enough for Mr. Hameen not to have the ACCA enhancement. But still, to Your Honor's question, this lack of record, we just know so little. And the government concedes that we're on harmless error review. And under that harmless error review, the government has the burden to prove, beyond a reasonable doubt, that these are different occasions. And we know from cases in the Middle District that are being decided on ACCA determinations, where a jury is making those determinations, that they are taking to heart Erlinger's direction that no, um, specific amount of time automatically means that things occur on different occasions. There are jury, um, decisions in the Middle District that show, that, that have found that even conviction dates that are years apart, um, the government has not shown that that's different occasions. And also, Erlinger's instruction that the Wooten test is a multifactored analysis. And so, especially with the state judgments, there's no information on the other Wooten factors like character, purpose, and insufficient information on the rest to be able to make that determination. But what about the government's argument that these three convictions, I think they say all three of them, have three-year statutes of limitations. And so, you can kind of, like, backfill the, the offense date or the, the commitment date. At least you can begin to approximate it from the statute of limitations. So, um, Your Honor, first of all, as we discussed in our brief, the statute of limitations is an affirmative defense, um, that Mr. Hameed may not have raised. Um, he pled guilty to them. We don't know the, the, um, facts underlying them. And again, that's another reason why we just don't know. We don't have enough information here to be able to conduct the harmless error review, even if we do use those contested Shepard documents, which Mr. Hameed would encourage you not to, and to find that the trial record should be the only thing on a preserved error review that the court considers. Let me ask you about the trial record versus sentencing for this issue, too. Yes. It's my understanding, and just correct, correct me if I'm wrong about this. I want to, I want to make sure I'm right about this. So, the reason we have sort of any discussion of these felonies at all is because your client took the stand, right? And the government asked to cross-examine him on his felonies? Yes, Your Honor. I, I believe that that's correct from the record for, they, they were trying to cross-examine him on impeachment purposes, and he did testify. Because otherwise, so, so the way this went at trial, and once again, just correct me if I'm wrong, the, the government shows up and says, we're prosecuting him for, I think, for being a felon in possession, and he says, I'll stipulate to being a felon, and so under our law, and under just sort of normal procedure, the government doesn't get to prove the facts of the felons, felonies, so they don't get to prove it, and then it turns out he testifies, and the government comes in and says, okay, now we'd like to introduce the felonies, and the district court says, you can only introduce felonies within the last 10 years. That was something the parties agreed to, correct? So, I, I, so, I understand your argument that it's the government's burden to prove this, but it, the way this seems to have shaped over the course of trial is the government was precluded from proving it by the district court's own orders. What, should we care about that at all? So, Your Honor, I don't believe that that, um, is relevant to the analysis, and that Mr. Hameen invoked his due process rights for that, and part of those due process rights, it's critical for the evidence to be considered to be that that's admissible at trial, um, and so, you know, I, I do understand the question about fairness to the, to the government, but again, that doesn't trump Mr. Hameen's constitutional rights, um, and that that is what would limit us, but the fact that he invoked that right, um, and that we are on reserve error review would be what limits it to the trial record. Because of the sparse and contested record below, the government cannot show harmless error in Mr. Hameen's case. Mr. Hameen invoked and never relinquished his Fifth and Sixth Amendment rights to a jury ACCA determination. We ask the court to vacate his sentence and remand for resentencing without the ACCA enhancement. One more, one more question about this. So, so the, the thing that you're asking is for a lower sentence, but isn't the right result to have the opportunity to prove these convictions? So Your Honor, in the Aileen and Apprendi line of cases, which as the government has cited Erlinger is considered an extension of that, typically the cases are remanded for resentencing without the enhancement, because Mr. Hameen did invoke his due process rights and the government had a trial. Um, and so issues of double jeopardy, we believe could arise from that, but this court can remand without specifically instructing for him to be resentenced without the enhancement for the district court to make that determination. So here's, here's, and just, this is my last question, just about the procedurally. So I mean, procedurally, the way we sort of all expect this to go after Erlinger is all of this to happen at the sort of the trial stage where you have the jury there and you ask the jury, you know, you need to find these ACCA predicates before a conviction. However, it seems like perhaps the better way and the more defendant favorable way to do this would be to have it post-conviction, a separate jury trial, where then you have the opportunity for the jury after they've convicted, then they get to know about the felonies. Wouldn't that, I mean, if we're going to establish some kind of procedure to follow, wouldn't that make more sense? So my understanding, Your Honor, is that that is the procedure that is currently used, that there is, I believe, and I'm sure the government can correct me if I'm wrong, I believe it is the same jury that's in panel, but they consider first the trial phase on the actual, on the charge, and then they consider the, whether the defendant has three ACCA predicates for different occasions. Thank you. Very well. Thank you so much. And you've got four minutes remaining. Ms. Capusta, let's hear from you for the government. Thank you, Your Honors. Julia Capusta for the United States. The district court's Erlinger error was harmless. Based on uncontroverted evidence in the entire record, a rational jury would have found that Hameen's three predicate offenses all were committed on occasions different from one another. I'd like to start with the scope of review issue. To your point, Judge Rasher, in most cases, not only would the United States have not any reason to believe it needed to prove the separate occasions inquiry, but it would also be precluded from introducing evidence on the separate occasions inquiry on trial on the 922G1 offense. Here, for example, like you pointed out, we are precluded under federal rule of evidence 609 from introducing evidence as to Hameen's aggravated assault conviction because it was committed more than ten years prior, and that will be the case in almost the vast majority of the cases involving Erlinger error. Based on either relevance or prejudice grounds, the United States would not have a separate occasions inquiry at trial. So if we go on through to the sentencing record, what's like, what's your strongest pitch, that we've got enough information here in the sentencing record to make this determination beyond a reasonable doubt? The temporal distance between the convictions alone is enough to establish beyond a reasonable doubt that Hameen committed these on separate occasions. His aggravated assault conviction was dated August 3rd, 1990, sale of cocaine, April 8th, 2008, and sale of heroin March 17th, 2017. And is your position, is it kind of a come on argument? Yes, your honor. And also, while it is a multi-factor inquiry, as the court said in Woodin, in most cases a single factor, especially in place or time, can decisively differentiate occasions, and that's what we have here. Eighteen years separate his aggravated assault and sale of cocaine and sale of heroin conviction. So I guess the same, we could ask some version of the same question both to you and to your adversary. Like, what's the limit of that principle here? I mean, I tend to agree with you that there is this kind of come on thing going on in this case, but it's only because the convictions are so shockingly far apart. And so the question for your adversary might be, is there any limit? Like, you know, if the convictions were, you've got some super human Brian Johnson type guy who's living forever and they're 50 years apart, would you agree with me at that point? But for you, if they're five years apart, it's just, you know, sort of time zero, time zero plus five, time zero plus 10, is that good enough? Your honor, I think three years apart would be very difficult because the cases carry a three year statute of limitations. Five years apart, I would not say that definitively we could not meet our harmless error burden because, again, the three year statute of limitations and without evidence on the record establishing or even any statement by him mean that the statute of limitations was told in his case, I still, I believe it would be irrational to find that five years apart the defendant committed them on the same occasion. But I do think the line would be if every offense carried three year statute of limitations and the convictions themselves were dated within three years, it would be very hard without any other information in the record for us to meet our burden on harmless error review. Can I ask one more? Yes, your honor. Um, so I had this case recently, last six months, uh, called Edwards, uh, that was a plain error case. And in, in the plain error context, it seems to me it does sort of make sense because there the, the burden is on the defendant. So it does sort of make sense for the, the, the court to kind of cobble together, uh, sort of a sentencing phase story about whether the, uh, different occasions inquiry has been met. Here though where the issue is on the other foot and it's harmless error and you've got the burden and we say it's a heavy burden. Does it, are, are we, are we likewise at liberty to sort of cobble together a story about different occasions? Yes, your honor. Um, once again, if, if the more close in time the offenses are committed and for example, they're committed in the same place close in time, the more, the higher burden we will have approving the separate occasions inquiry and those cases will have to present more evidence about the nature and purpose of the offenses, uh, more evidence about the precise time in which the offenses were committed. The ACCA does not require us to prove the precise date in which the defendant committed his offenses. We only have to prove that they were committed on separate occasions. And in cases like this one where the convictions are so far apart and the statutes of limitations would not allow the defense offenses to be committed at the same time. It's nearly, it's almost impossible that these could have been committed on the same occasion. In those cases, um, your honor, I believe we do not need more in this record to... This is going on a time frame period. Yes, your honor. We're not going to use what's in the sentencing record at all. We are relying on the sentencing record because we were precluded at trial from... My concern about using the sentencing record as part of the mix is what happens to the case. We rewrite the harmless error rule to allow something that came before the judge in sentencing and then they had a motion to suppress something that came before the judge. That's not before the jury. You take that kind of stuff into account in deciding the harmless error. Your honor, I think you have to look at the type of error in determining the scope of harmless error review and here we have the failure to submit a sentencing factor to the jury's guilty verdict on the 922G offense. This is not a case like, for example, the erroneous admission of evidence or the limitation on a counsel's ability to cross-examine a witness. In those cases, it makes sense to look at the trial record because the court is asking what effect did this error have on the jury's guilty verdict. We know that this had no effect on the jury's guilty verdict because it's not an element that we had to prove to prove his guilt on the 922G offense. Rather, the error in this case was the failure to submit the evidence to the jury rather than the judge. In declining and in rejecting structural error review here, this court rejected the idea that the failure to submit the evidence to the jury alone requires automatic reversal. Rather, this court asks if the United States had been required to prove the separate occasions element to a jury instead of a judge, is there relevant and reliable information in the entire record that would allow us to determine that they would have been able to meet their burden beyond a reasonable doubt? Here, based on the dates of the convictions alone, we would have been able to meet that  Let me ask you a question because you are relying on the dates of the convictions, but it seems like there's actually more in the record than that. I want to make sure I'm correct about this. This goes to the cross-examination of Hameen. When Hameen is testifying under cross-examination, my understanding is he testifies about the sale and delivery of cocaine, the 2008 conviction, but then he also says, after that, battery, after that, possession of cocaine three other times, after that, possession of controlled substance, and then he gets to the 2017 conviction. The fact that he's got the 2008 conviction, a bunch more convictions, and then the 2017 conviction, seems to suggest that even if the 2017 conviction were closer in time to those, it would still necessarily be separate because it's a bunch of different ones. Am I reading the record right, or is all that jumbled together? I agree with you. Not only do we have the temporal distance between the convictions, but we have the multiple convictions separating the predicates themselves, and significant intervening events can be another factor that the courts consider in differentiating occasions, and here, there are multiple convictions, and in addition to the trial record, the sentencing record, we admitted certified copies of 10 other convictions, four of which occurred between the aggravated assault and the sale of cocaine, and six of which occurred between the sale of cocaine and sale of heroin offenses, and in addition, in the trial record, I mean, also testified that he, the prosecutor asked him, did you sell heroin in 2017, and he said, I went and got it for somebody, and in later testimony, he essentially admits he was a drug courier, so that evidence also supports that a sale of heroin conviction happened close in time to the 2017 conviction, and not prior to 2008, so it could not have been committed at the same time as a sale of cocaine conviction. We also have the nature, different nature of the offenses, aggravated assault, again, it's a different type of offense, a controlled substance, or a sale of controlled substance, and the two drugs were different, cocaine and heroin, and there's simply, there's no evidence in the record that could rationally lead to a contrary finding. I mean, it relies on the statute of limitations, three years, and as statute of limitations can be told, but under Florida Statute 775.15.5, statute of limitations can only be told for a maximum period of three additional years. What about our point that the statute is an affirmative defense, and we don't know whether he invoked it? I think that would be an irrational finding without evidence suggesting that he did, in fact, waive it. It would require a finding by the jury that, despite the fact that he had this defense that would have produced an acquittal, he chose not to assert that defense, and this is not a case in which it was an omission or incompetence of counsel, where you can say, oh, well, he was committed, maybe it was four years difference. You can say, oh, maybe an incompetent counsel overlooked a difference of a year, but that requires a finding that Khamenei committed his offense before 2008, and he wasn't charged for it until 2016, and yet neither his attorney nor he raised a statute of limitations defense. I would argue that that would be an irrational finding, and no reasonable person would make that finding on this record. Can you address the remedy question that I raised with opposing counsel? I understand that the way that district courts are complying with Erlinger, which I think is the right way to do it, is to bifurcate this and to have a jury make the sentencing determinations after a conviction, so if we were to . . . if we are ever to find Erlinger error, I guess, not only in this case, but other cases, wouldn't the right remedy be to remand for basically a sentencing jury? Yes, sir, I mean, we would not be opposed to that. I know it's not quite the same way that it's been handled in other cases involving the failure to prove a sentencing factor, but yes, it has been . . . that's going forward. We have bifurcated proceedings, and . . . So, I guess, one way to think about it, had the district court said, you know what, I think you're right, Mr. Hameen, a jury should make these findings, in this case, what the district court would have done was, after the guilt phase, ask the jury to make these findings, right? Yes, Your Honor. And so, if we want to, like, remedy this and put it back the way it should have been, it just seems like that's what we would . . . vacate the sentence until the district court can, you know, bring a jury in and have them make a finding. Yes, Your Honor. We would not be opposed to that remedy. And am I right that that's like . . . that's how district courts are doing this after Erlinger? Yes, post-Erlinger, we have been bifurcating the trials, a guilt phase finding, and then new proceedings on the separate occasions inquiry, so the jury can make that finding. To go to, I think, Judge Joflat's point, my last question, which is a question I'm kind of thinking about, too, is, it seems like if we say in cases like this, look, this is a harmless error because we can just look at the record and we can tell that these are really far apart, aren't we undermining Erlinger? Like, aren't we . . . when we just basically always say, like, this is a harmless error, like, there's, you know, you sort of get to that bifurcation, right, where then the district judge comes in and says, okay, well, we're about ready to have our, like, separate jury trial on sentencing, where now the government has the burden to prove that these felonies existed and they were separate occasions. And then the district court just looks at them and says, oh, you know what? We don't have to do this because they're really far apart. And then we would just say that that's harmless error. It just seems like that's a problem. No, Your Honor. I mean, I think we're asking whether, if we had been required to prove this to a jury instead of the judge, based on the evidence in this record, would a rational jury have found that these were committed on separate occasions? And I think you could walk up to a person on the street, present them with these three convictions and ask them, do you think these were committed on the same occasion? No reasonable person would say that they were. But if we follow that line of argument, aren't we saying that Erlinger really just applies to closed cases? Your Honor, it's much more difficult for us to meet a harmless error burden in most cases. But as the court said in Wooden, in most cases it will be a straightforward inquiry. And in most cases, a single factor in time or place can decisively differentiate the occasion. For example, if these were all within the same year, but one was in California, one was in Florida, and one was in North Carolina, that would be a single factor. Place simply looked to the convictions themselves, what state were they committed in. And that factor alone would decisively differentiate that they were committed on separate occasions. The same thing here. The necessity of a multi-factor inquiry is for the cases in which the predicates were committed much closer in time, much closer in place. And once again, in those cases, it requires a heavier burden to produce evidence about the nature of the offense, the character of the offense, more precise timing about exactly when the defendant committed the offense. But once again, we are not required under ACCA to prove those things. We are only required to prove separate occasions. And on this record, given the temporal distance and the near impossibility that a defendant could have committed these offenses on separate occasions, no rational jury would find that he had committed these offenses on the same occasion. And one final point, I guess, on the scope of harmless error review, this reviewing for the entire record is consistent with how this court has always treated harmless error in cases involving the omission of . . . We're not talking about the entire record. We're talking about what was before the jury. No, Your Honor. We're talking about the sentencing record as well. That was . . . Back to my point. We don't take the next case down the road on harmless error, and there's not often a trial transcript before the jury to declare harmless error, but we reach down to something that was before the judge, something the judge saw, either in sentencing or in a suppression hearing, say, some kind of . . . or in a limine hearing, the judge says, oh, we had this in a limine hearing, and this issue was . . . The problem, the issue that the jury was supposed to . . . I think you're right. I'm concerned about setting the precedent for the use of non-jury's type of evidence that was before the jury in the trial in deciding harmless error. Yes, Your Honor, and I see my time has expired, so I'll quickly answer your question. Have you ever found a case where you could do that? Your Honor, and again, I think you have to look at the type of error. In certain cases, again, the erroneous admission of evidence, that would not apply to those cases. It would simply apply to cases involving the failure to prove a sentencing factor, and this is what's consistent with this court, as we discussed in our letter brief, Payne. This court in Payne looked to the sentencing record to determine that the apprendee error was harmless, and so creating a new rule restricting review to the trial record . . . You want us to carve out a special rule for this case? No, Your Honor, I want you to continue the usual practice that this court has done in all cases involving the admission of sentencing elements, consistent with Payne, consistent with Rivers, where this court has looked to all relevant and reliable information in the entire record. No, I'm not asking the court to extend that rule to any other types of errors. Once again, it doesn't make sense in certain cases to allow for a review of the entire record, but in cases involving the failure to submit the sentencing factor to the jury, where we would have been precluded from submitting the evidence required to meet our burden before the jury, it makes sense to allow us to look to the sentencing record here. Otherwise, we would be essentially . . . it would be another form of structural error where this court would be reversing in every single case, almost every single case, because my guess would be 98 percent of the cases, there would be no ability to prove, based on the sentencing record at trial, that the separate occasions element was harmless error. Okay, very well. Thank you so much. Thank you, Your Honors. Ms. Farrell, you have four minutes remaining. Thank you, Your Honor. To be clear, it is an error here that happened at trial. Erlinger makes clear that the different occasions inquiry has to be decided by a jury, and also on evidence that should be admissible to the jury. Even if the court were to say, we are not going to just stick to the trial evidence, we are going to use the sentencing evidence, and then even at sentencing, if the court were to say, we're going to use these contested state judgments, because that's what they are. They are contested state judgments. Counsel mentioned uncontroverted evidence. There is not uncontroverted evidence here. We don't have reliable and relevant information for the court to use to make this harmless inquiry analysis. But even if we were to look at these state court judgments, the judgments have the conviction dates, and as we've discussed, that's not the offense dates. And it also has insufficient information and no information, in some cases, about the motivation, how these past offenses may have been related to each other. And the government wants to focus on this very specific factor of time, and not just time of the actual offense, but time of the conviction date. And that is insufficient, especially under Wooten's multi-factor inquiry, and also that Wooten's informed us that no specific amount of time is automatically dispositive. I know Your Honor mentioned Edwards, and Edwards, under plain error review, the court did look at the fact that there was some lack of evidence in purpose and character, and said that that actually did raise a possibility that a jury would not find different occasions. And that supports Mr. Hameen's position that here, under harmless error review, that there is that reasonable doubt, and that the government cannot carry its burden. What do you say about, one question I had for you, is what do you say about the point that, so you've got the assault in, I think, 1990, then you have these drug convictions. When he was testifying about the drug convictions, at least my recollection of the testimony was that you had the felony that counts for ACCA, and then a bunch more convictions, and then the felony that counts for ACCA. I mean, when you've got convictions in between convictions, is that not a, I mean, to go to Judge Newsom, kind of, come on, like, surely that's not, the convictions that book end, those other convictions, are not the same? No, Your Honor. So, intervening convictions does not mean that the offenses are unconnected, that a jury would not find, or that the jury would find that the government met its burden to show that these were different occasions. You do have to look at the character, and the purpose, and the relationship between the offenses. I mean, I just, theoretically, I guess, I'm having trouble figuring out how one could do that, how you could be convicted of a drug offense in 2008, be convicted of a bunch more other things, and then be convicted of a drug offense in 2017, and saying the 2008 conviction and the 2017 were on the same occasion, and there were a bunch more crimes in between them. I believe that's using Wooten's multi-factor analysis, Your Honor, in terms of looking at the purpose, and the character, and the motivation. If Mr. Hameen had delivered substances to support a drug habit, the government might not be able to prove to a jury that these are different occasions. And we know from juries in the Middle District, and I can file a 20J, I do have a case site of a jury that found, it's 823-CR-89, that found that even convictions that were years apart did not, that the government did not meet its burden to show different occasions on that. Again, this Erlinger appeal is different because of the sparse and contested record on the facts underlying Mr. Hameen's convictions, and the government cannot meet its burden here. Thank you, Your Honor. Thank you both. Case is submitted. We'll move to the second case, United States versus New York.